UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | **Protective Order** |
| v. | **13 Cr. 987 (DLC)** |
| Enzo Vettese, | |
| *Defendant.* | |

Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendant(s) of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include "sensitive disclosure material," as detailed below.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that (i) affects the privacy of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, the Government believes will be subject to risk of harm absent

1

the protective considerations set forth herein. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action.

2. Disclosure material that is not sensitive disclosure material shall be used by the defendant and defense counsel solely for purposes of defending this action in accord with the governing Federal Rules of Criminal Procedure, Local Rules of this Court, and Rules of Professional Conduct.

3. Unless the sensitive information therein is redacted pursuant to an agreement by the parties, Sensitive disclosure material shall be disclosed only to:

    (a) the defendant(s) for review in the presence of defense counsel and/or paralegals and legal assistants, for purposes related to this case;

    (b) investigative, secretarial, clerical, paralegal, and student personnel employed full-time or part-time by the defendant's attorneys; and

    (c) independent expert witnesses, investigators, consultants, or advisors retained by the defendant's attorney(s) in connection with this action; and such other persons as hereafter may be authorized by the Court upon such motion by the defendant;

4. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

5. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

6. At defense counsel's request, the Government shall undertake a good faith review of any sensitive disclosure material designation and shall advise counsel for the defendant as to whether any such documents may be released from the Protective Order.

7. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, except counsel may comply with requirements of the rules of professional conduct. If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

## Retention of Jurisdiction

8. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____          Date: 4/8/2020
Jacob H. Gutwillig
Assistant United States Attorney


_____          Date: 4/8/2020
Zawadi S. Baharanyi
Counsel for ENZO VETTESE


SO ORDERED:

Dated: New York, New York
       April  13 , 2020

_____
DENISE COTE
United States District Judge

4