UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | ORDER OF JUDICIAL REMOVAL |
| - against - | Criminal Docket No. S1 13 cr. 987 (DLC) |
| ENZO VETTESE | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - X

Upon the application of the United States of America, by Jacob Gutwillig, Assistant United States Attorney, Southern District of New York; upon the Factual Allegations in Support of Judicial Removal; upon the consent of Enzo Vettese, the defendant; and upon all prior proceedings and submissions in this matter; and full consideration having been given to the matter set forth herein, the Court finds:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native and citizen of Canada.

3. The defendant was paroled into the United States at or near Montreal, Canada, on or about February 28, 2020.

4. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, for the violations of Title 18, United States Code, Sections 1957(a), and 1957(d)(1) and (2), for having engaged in money transactions in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, to wit, narcotics offenses.

5. The maximum sentence for these violations of Title 18, United States Code, Sections 1957(a), and 1957(d)(1) and (2) is 10 years' imprisonment.

6. The defendant is, and at sentencing will be, subject to removal from the United States pursuant to Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act of 1952 ("INA"), as amended, 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien who, at the time of application for admission, was not in possession of a valid immigrant visa reentry permit, border crossing identification card, or other valid entry document required by the INA; Section 212(a)(2)(A)(i)(I) of the INA, 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who has been convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime; and Section 212(a)(2)(I)(i) of INA, as amended, as an alien who a consular officer or the Attorney General knows, or has reason to believe, has engaged, is engaging, or seeks to enter the United States to engage, in an offense which is described in section 1956 or 1957 of Title 18 (relating to laundering of monetary instruments).

7. The defendant has waived his right to notice and a hearing under Section 238(c) of the INA, 8 U.S.C. § 1228(c).

8. The defendant has waived the opportunity to pursue any and all forms of relief and protection from removal.

9. The defendant has designated Canada as the country for removal pursuant to Section 240(d) of the INA, 8 U.S.C. § 1229a(d).

WHEREFORE, IT IS HEREBY ORDERED, pursuant to Section 238(c) of the INA, 8 U.S.C. § 1228(c), that the defendant shall be removed from the United States promptly upon his release from confinement, or, if the defendant is not sentenced to a term of imprisonment, promptly upon his sentencing, and that the defendant be ordered removed to Canada.

Dated:  New York, New York
        November 18, 2020

_____
HONORABLE DENISE L. COTE
UNITED STATES DISTRICT JUDGE